UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

VICKI R. DOUGLAS,

    Plaintiff,

    v.

SUPER 8 MOTEL,

    Defendant.

Case No. 11-CV-640-JPG-SCW

## **MEMORANDUM AND ORDER**

This matter comes before the Court upon a motion to dismiss filed by defendant Kaival Motel, Inc., d/b/a Super 8 Motel, pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 18). However, the Court has accepted matters outside the pleadings, and thus, the Court now treats defendant's motion as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, of which plaintiff has received notice (Doc. 25). Plaintiff, proceeding *pro se*, has responded to defendant's motion (Doc. 31).

## I.    Summary Judgment Standard

Summary judgment is appropriate where "the pleadings, the discovery and disclosed materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396.

A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Michas v. Health Cost Controls of Illinois, Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252; *accord Michas*, 209 F.3d at 692.

## II.  Facts

Plaintiff Douglas worked at the Super 8 Motel in Harrisburg, Illinois, for approximately one year until her employment was terminated on August 24, 2009. Douglas, who suffers from Crohn's disease, filed a complaint on July 25, 2011, alleging that defendant discriminated against her in connection with her firing in violation of the Americans with Disabilities Act ("ADA").

Defendant Super 8 Motel ("the motel") has a total of seven (7) employees and has never had fifteen (15) or more employees at all relevant times hereto, which Douglas does not dispute.

## III.  Analysis

The ADA was implemented to "provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1). Congress concluded that "historically, society tend[s] to isolate and segregate individuals with disabilities" and that the ADA is designed "to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities. 42 U.S.C. § 12101(a)(2); 12101(b)(3).

Section 1112 of the ADA applies to disability discrimination with respect to the termination of employees and states:

> No *covered entity* shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12111(5)(A) (emphasis added).

A "covered entity" under Section 12111 is defined by the ADA as "an *employer*, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 12111(2) (emphasis added). Further, the ADA defines "employer" as:

> [A] person engaged in an industry affecting commerce who has *15 or more employees* for each working day in each of 20 or more calendar weeks in the current or preceding calendar year . . .

42 U.S.C. § 12111(5)(A) (emphasis added).

Because the motel does not and has never employed fifteen (15) or more employees, it is not a "covered entity" and cannot be liable under the ADA. While the Court expresses sympathy to Douglas, the ADA does not apply to the motel and the motel is entitled to judgment as a matter of law.

## IV. Conclusion

For the foregoing reasons, the Court:

1. **GRANTS** the defendant's motion for summary judgment (Doc. 18) on the basis that the ADA does not apply to the motel because the motel does not employ fifteen (15) or more employees, as statutorily defined.

2. **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: April 5, 2012**

                                                  s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**